[See 6 Fed. 356.]

## Case No. 3,545.

### DALLET v. SMYTHE.

[6 Blatchf. 419.][1]

Circuit Court, S. D. New York.   April Term, 1869.

CUSTOMS DUTIES—"ANGOSTURA BITTERS."

"Angostura Bitters," an article which, although of some value, as a remedy for some affections of the human body, is principally used in bar-rooms, as a flavoring extract for mixed drinks, is liable to a duty of 100 per cent., under section 2 of the act of June 30, 1864 (13 Stat. 202), as "spirituous liquors, not otherwise enumerated," and not to a duty of 50 per cent., under section 5 of the act of July 14, 1862 (12 Stat. 546), as a medicinal preparation.

This was an action against [Henry A. Smythe] the collector of the port of New York, to recover back certain duties alleged to have been illegally exacted.   It was tried before the court, without a jury, upon an agreed statement of facts and oral evidence. The facts were as follows:   The plaintiff [James Dallet] imported an article known as "Angostura Bitters," put up in black glass bottles, each containing less than a quart. The plaintiff, upon entry of the goods, reported them as aromatic or Angostura bitters, and claimed that they were subject to a duty of 50 per cent., ad valorem, under section 5 of the act of July 14, 1862 (12 Stat. 546), which provides for that rate of duty on "all pills, powders, tinctures, troches, or lozenges, syrups, cordials, bitters, * * * or other medicinal preparations, or compositions, recommended to the public as proprietary medicines, or prepared according to some private formula or secret art, as remedies or specifics for any disease or diseases or affections whatever, affecting the human or animal body."   The appraisers, however, classified the article as "spirituous liquors, not otherwise enumerated," within section 2 of the act of June 30, 1864 (13 Stat. 202), which imposes a duty of 100 per cent. thereon.   This rate of duty the plaintiff paid, under protest, claiming that the goods were liable to only 50 per cent. duty, because the chief component was not distilled spirits, and also because the article was a medicinal preparation, prepared by a secret method.   An appeal was taken, and the decision of the defendant was sustained.   Thereupon this action was brought.   The amount of the excessive duties, according to the claim of the plaintiff, was admitted to be $3,728; and it was also stipulated, that, unless the goods were to be classified as a medicinal preparation, prepared according to a private formula

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

or secret art, as a remedy or specific for diseases or affections affecting the human body, the judgment should be for the defendant.

George St. George, for plaintiff.
Simon Towle, for defendant.

BENEDICT, District Judge. The article here in question, known as "Angostura Bitters," cannot, in my opinion, be properly classified as a medicinal preparation, under the 5th section of the act of 1862. It is true, that it has been proved to be of some value as a remedy for some affections of the human body, such as diarrhoea, but it cannot be said to be prepared as a remedy or specific for disease, within the meaning of that act. Its principal and characteristic use has been shown to be in bar-rooms, as a flavoring extract for mixed drinks. That is the purpose for which it is prepared and sold. It is not ordinarily sold by druggists, or prescribed by physicians as a remedy, but is imported mostly by liquor dealers, and sold by them and by grocers. The fact that it has some medicinal properties, is not sufficient to entitle it to be considered as a . medicinal preparation, but its common, well-known, and principal mode of use, for which it is prepared and sold, must control its designation.

The judgment will, accordingly, be for the defendant.